# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,

v.

WILMINGTON TRUST CORP., DAVID R.
GIBSON, ROBERT V.A. HARRA, WILLIAM
B. NORTH, and KEVYN N. RAKOWSKI

Defendants.

No. 15-cr-23 (RGA)

## MEMORANDUM ORDER

Having reviewed the relevant papers, IT IS HEREBY ORDERED:

1.    Motion D.I. 291 reasserts Defendant Wilmington Trust's motions to dismiss the indictment for failure to state an offense and as unconstitutionally vague. Defendant argues that the Bill of Particulars highlights deficiencies in the indictment. The sufficiency of the indictment, however, is judged based on the indictment itself. *United States v. Vitillo*, 490 F.3d 314, 321 (3d Cir. 2007). The motion is **DENIED** for the reasons already given. (*See* D.I. 228, 230).

2.    Motions D.I. 293, D.I. 294, and D.I. 295 reassert previously rejected motions (D.I. 166, 168, 169, 172, 176, 179, 182, 183, 184, 185) and arguments. Those motions are **DENIED** for the reasons already given. (*See* D.I. 228, 230).

3.    Motion D.I. 289 renews Defendant Wilmington Trust's request for a Bill of Particulars. I granted-in-part and denied-in-part Defendant's previous

request for a Bill of Particulars. (*See* D.I. 230 at ¶ 8; D.I. 228 at 136–37). The motion is **DENIED**.

      a.      Part of Defendant's motion reasserts its prior motion and arguments. For example, Defendant continues to press that the Government must articulate why the statements are false. To the extent the motion reasserts Defendant's prior motion, the motion is **DENIED** for the reasons already given. (*See* D.I. 228, 230).

      b.      Defendant argues that the Bill of Particulars (D.I. 241) fails to identify the allegedly false statements with sufficient detail. Having reviewed the Bill, I find it is sufficient to give Defendant fair notice. To the extent the motion seeks to require the Government to further elaborate on the false statements already identified, that motion is **DENIED.**

      c.      Previously, I directed the Government to "[i]dentify all of the allegedly false [written] statements and 'materially false and fraudulent [written][3] pretenses, representations, and promises' made by the defendants." (D.I. 230 at ¶ 8). I clarified that "[t]he Court added the word 'written' to reflect its understanding that all of the allegedly false statements are contained in written documents." (D.I. 230 at ¶ 8 n. 3). In the Bill of Particulars filed by the Government, the Government identified false statements in Securities and Exchange Commission reports, call reports, and monthly regulatory reports. (D.I. 313 at 1). It did not include false statements in other sources. Defendant requests that I direct the Government to

2

identify other false statements, for example, in emails, internal reports, and earnings call transcripts. (D.I. 290 at 6).

I understand the Government to represent that it has highlighted all of the false statements that serve as the basis for criminal liability. The Government is not required to catalogue and characterize all of the ancillary evidence in the case. The disclosures provided in the Bill of Particulars gives Defendant adequate notice of "the nature of the charges brought against" it so that it can "adequately prepare [its] defense." *United States v. Urban*, 404 F.3d 754, 771 (3rd Cir. 2005). Defendant's motion is **DENIED**.

IT IS SO ORDERED this $\underline{12}$ day of June 2017.

Richard G. Andrews

United States District Judge

3