IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>WILMINGTON TRUST CORP., DAVID R. GIBSON, ROBERT V.A. HARRA, WILLIAM B. NORTH, and KEVYN N. RAKOWSKI,<br>Defendants,<br><br>BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM and FEDERAL RESERVE BANK OF PHILADELPHIA,<br>Movants. | No. 15-cr-23 (RGA) |

## MEMORANDUM ORDER

On April 17, Defendants served subpoenas on the Board of Governors of the Federal Reserve System and the Federal Reserve Bank of Philadelphia under Federal Rule of Criminal Procedure 17(c). (D.I. 345-1 at 16–24). Before me is a motion by the Federal Reserve to quash those subpoenas. (D.I. 344).

The subpoenas cover 2008 to 2010 and seek broad categories of documents including twenty categories of documents relating to "supervisory events of all types conducted by" the Federal Reserve, "[e]nforcement work papers and continuous

monitoring materials related to" Wilmington Trust,[1] analyst files, any written material related to any communications with Wilmington Trust, and document retention files. (*Id.* at 18–19, 23–24).

The United States Attorney's Office initially did not oppose Defendants' motion to serve the subpoenas because it understood their purpose to be "enabl[ing Wilmington Trust] and the [Federal Reserve] to communicate directly to resolve specific issues...." (D.I. 359 at 2; *see also* D.I. 332). The Federal Reserve was not a party to the USAO's decision not to oppose the request. (D.I. 345 at 8–9).[2] Now, the Federal Reserve has moved to quash the subpoenas. (D.I. 344, 345).

Rule 17(c) subpoenas have a limited purpose. They are not broad discovery devices. *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951); *United States v. Nixon*, 418 U.S. 683, 698 (1974). Instead, Rule 17(c) is intended to allow criminal defendants to access evidence for trial. *Bowman*, 341 U.S. at 220; *United States v. Cuthbertson*, 630 F.2d 139, 144 (3d Cir. 1980).

Under *Nixon* and *Cuthbertson*, documents sought by a Rule 17(c) subpoena must be (1) "evidentiary and relevant"; (2) "not otherwise procurable reasonably in

---

[1] The subpoena seeks materials related to both the Wilmington Trust Company and Wilmington Trust Corporation entities.
[2] 12 U.S.C. § 248(p) grants the Federal Reserve authority to "act in its own name and through its own attorneys... in any action, suit, or proceeding to which the Board is a party and which involves the Board's regulation or supervision of any bank... or the administration of its operations." The Federal Reserve argues that, because of this independent authority, the USAO's acquiescence to the subpoenas does not prevent the Federal Reserve from opposing them. (D.I. 345 at 5 n. 1, 8–9). Defendants do not appear to challenge this point.

2

advance of trial by exercise of due diligence"; (3) necessary for Defendants' trial preparation; and (4) sought "in good faith," that is, the subpoena "is not intended as a general fishing expedition." *Nixon*, 418 U.S. at 699–700 (internal quotation marks and footnote omitted); *Cuthbertson*, 630 F.2d at 145.

The documents sought by Defendants can be loosely placed into three categories. First, Defendants seek documents submitted to the Federal Reserve by Wilmington Trust. Defendants presumably already have these documents, as they generated them, and have not represented otherwise. Thus, this request clearly fails the requirements that the documents be otherwise unavailable to Defendants and be necessary for trial preparation.

Defendants argue their own documents are the proper subject of a Rule 17(c) subpoena because their production by the Federal Reserve is necessary for authentication. Defendants' argument is flawed for two reasons. For one, while the need to authenticate documents may make the request evidentiary, the request still does not satisfy the other requirements for a Rule 17(c) subpoena. For two, the request is not ripe. We can address the authentication of documents possessed by Defendants if and when it becomes an issue. *See Cuthbertson*, 630 F.2d at 144–45 (explaining that statements for impeachment of witnesses "ripen into evidentiary material for purposes of impeachment only if and when the witness testifies at trial....").

Second, Defendants seek documents related to oversight activity by the Federal Reserve in 2008. The alleged criminal activity in the Third Superseding

3

Indictment took place between late 2009 and late 2010. (*See* D.I. 243 at ¶¶ 65, 74, 76 (defining the conspiracy and scheme to defraud as taking place from late 2009 through late 2010); *see also id.* at ¶¶ 78, 80, 82, 84, 86, 88, 90 (identifying false statements to federal regulators made between late 2009 and late 2010)). While the Indictment includes allegations related to Defendants' pre-2009 activities, those allegations do not relate to Defendants' interactions with the Federal Reserve and are not the basis of the filed charges. (*See id.* at ¶¶ 20, 24, 27, 28). Thus, these documents are not sufficiently "evidentiary and relevant."

Third, Defendants seek a broad array of internal Federal Reserve documents. These requests hardly comport with Rule 17(c)'s limited purpose to allow Defendants access to "identified evidence...." *Cuthbertson*, 630 F.2d at 144. Instead, the request resembles civil discovery. If Defendants have more limited requests aimed at specific evidence that cannot be settled between Defendants and the Federal Reserve, it should make a more tailored request.

For these reasons, I **GRANT** the motion to quash the subpoenas. (D.I. 344). IT IS SO ORDERED this 11 day of July 2017.

Richard G. Andrews
United States District Judge

4