IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Crim. Action. No. 15-23-RGA |
| ) | |
| WILMINGTON TRUST CORPORATION, ) | |
| DAVID R. GIBSON, ) | |
| ROBERT V. A. HARRA, ) | |
| WILLIAM NORTH, and ) | |
| KEVYN RAKOWSKI, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM ORDER

The United States has filed a motion "regarding notice of potential rule 404(b) evidence" (D.I. 371), to which there has been a response and a reply. (D.I. 399, 423).[1] The Government filed a Rule 404(b) notice, which contains about 26 categories of evidence, which the Government further describes as relating to six thematic categories. (D.I. 371 at 4; D.I. 371-1). The Government's notice is dated August 1, 2016. The Government's Reply interprets Defendant's response as challenging its compliance with Rule 404(b)'s requirement that it "provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial" (D.I. 423 at 3-4), but I do not read Defendant's response to raise that issue.

On the law, the parties do not seem to be in dispute. Both agree that the rule concerns "evidence of extrinsic acts that might adversely reflect on the actor's character."

---

[1] Wilmington Trust Co. filed the response. The other defendants have joined in it. (D.I. 402, 404, 406, 410).

1

*United States v. Huddleston*, 485 U.S. 681, 685 (1988). Both also agree that not all acts that "might adversely reflect on the actor's character" are Rule 404(b) evidence. Both also agree that legitimate non-propensity purposes include not only those listed in Rule 404(b) but other purposes that can logically be argued.

The law recognizes both "intrinsic" and "extrinsic" acts; the former are outside of Rule 404(b)'s scope. *See United States v. Green*, 617 F.3d 233, 245 (3d Cir. 2010). The Court of Appeals has set forth two "narrow" categories of intrinsic evidence; "First, evidence is intrinsic if it 'directly proves' the charged offense. . . . Second, 'uncharged acts performed contemporaneously with the charged crime may be termed intrinsic if they facilitate the commission of the charged crime. But all else must be analyzed under Rule 404(b)." *Id.* at 248-49. Relevant here is that the Third Superseding Indictment charges a conspiracy to commit multiple federal offenses from about October 2009 to November 2010. (D.I. 243 at 22, para. 65). "Although proof of conspiracies is not limited to the charged start and end dates, the indictment's temporal parameters usually delineate the boundary between intrinsic and extrinsic evidence." *United States v. Bailey*, 840 F.3d 99, 128 (3d Cir. 2016). The other counts of the indictment all charge substantive crimes occurring within the time period of the conspiracy, the last of which is charged as occurring on May 10, 2010.

For true Rule 404(b) evidence, the standard for admission "requires the satisfaction of four distinct steps: (1) the other-acts evidence must be proffered for a non-propensity purpose; (2) that evidence must be relevant to the identified non-propensity purpose; (3) its probative value must not be substantially outweighed by its potential for causing unfair prejudice to the defendant; and (4) if requested, the other-acts evidence

must be accompanied by a limiting instruction." *United States v. Repak*, 852 F.3d 230, 241 (3d Cir. 2017). I note that the most difficult step, and the one that the Third Circuit most often finds was inadequately performed, is the second one. *See id.* at 243-45. Before Rule 404(b) evidence can be admitted, the Third Circuit requires that the proffered evidence be relevant, that is, that it "fit into a chain of inferences—a chain that connects the evidence to a proper purpose, no link of which is a forbidden propensity inference. This chain must be articulated with careful precision because, even when a non-propensity purpose is at issue in a case, the evidence offered may be completely irrelevant to that purpose, or relevant only in an impermissible way." *Id.* at 243 (citations and alterations in original omitted).

Generally speaking, the briefing submitted indicates that the major disputed issues between the parties at this time might be characterized as: (1) whether the proposed evidence is intrinsic or extrinsic, which includes the subsidiary issue of what the "contemporaneous" time period is; (2) whether the proposed Rule 404(b) evidence is sufficiently described such that I can determine the issues now (or, at least, determine them in the Government's favor now); and (3) whether the Government has carried its burden to show that I should admit either particular categories or particular items of the evidence.

I am going to have an argument to help me decide these issues, but I thought it would help focus the argument if I set forth my thoughts after reviewing the briefing.

First, I note that the Government has provided an "Index of Potential Trial Exhibits," which is seven pages long, with about 60 to 70 items per page. (D.I. 423-2). The email page (*id.* at 7) includes perhaps 35 emails that predate the conspiracy. They

3

may or may not implicate Rule 404(b); I cannot tell. But it does seem clear that a significant portion of the evidence addressed in the Government's motion predates the conspiracy. It thus seems unlikely to me that the Rule 404(b) analysis can be avoided for that evidence by categorizing it as intrinsic.

Second, I note that I do not agree with Defendant's argument that the Government must identify each piece of documentary or testimonial evidence that it seeks to have admitted as Rule 404(b) evidence. That being said, on some of the issues, Defendant has a point that doing the required analysis becomes more difficult, if not impossible, without knowing the range of evidence that the Government envisions being covered by its category. (*Cf.* D.I. 423 at 5-6 (acknowledging that I could require more disclosure and/or reserve ruling on certain issues)).

For example, in *Repak*, one of the Rule 404(b) topics was whether the Government would be able to offer evidence that the defendant was having an affair with a witness at relevant times. I do not have any sense that whether that defendant was having the affair was a disputed fact, and thus admission of testimony to that effect could be expected to rise or fall with the Rule 404(b) analysis. Some of what the Government proposes also (arguably) implicates Rule 403, which has concerns in addition to unfair prejudice to Defendant. (*See, e.g.*, D.I. 399 at pp. 25, 29, 31, 35, 38, 42, 43, 51, 53). For many of Defendant's Rule 403 objections, the basis is that the trial will be unreasonably extended in length by mini-trials on collateral issues. It is hard to know what to think about these arguments without knowing what the Government intends to include in these categories.

I do not see in the Government's reply a response to the Rule 403 arguments. It does not seem to me to make sense to consider the Rule 404(b) issues without at least considering the Rule 403 objections at the same time.

During colloquy at a hearing on September 8, 2017, I think the Government acknowledged that resolution of its motion could have a significant impact on the length of the trial. For example, the Government seeks to admit "lending culture evidence" (D.I. 371 at 14), which could be almost anything. The Government characterizes it with nine bullet points. (*Id*. at 14-15 n.3). The bullet points include a specified activity in May 2010 (which may be "intrinsic" as it occurred during the right time, although I cannot tell whether it facilitated the charged crime), but also includes Defendant's growth strategy, underwriting, and internal policy conflicts, which are described in sweeping fashion and which seem to have occurred mostly before the relevant time, making them presumptively extrinsic evidence.

Third, at a very general level, it is hard for me to see at least three of the categories, that is, Group IV (Rakowski's and Gibson's knowledge of accounting principles and regulatory guidance),[2] Group V (intent to use stock proceeds to repay TARP funds),[3] and Group VI (job performance and compensation), as even invoking the specter of Rule 404(b). Where is the bad act? I do not say all evidence in these categories is admissible, as there may always be relevance or other issues, and the Group VI category seems ripe for exclusion, at least in part, under Rule 403.

---

[2] Defendant's brief principally advances relevancy and Rule 403 objections to this evidence. (D.I. 399 at pp.47-49).
[3] I think Group V is probably resolved. (D.I. 399 at pp. 49-50).

5

Fourth, again at a general level, it seems to me that Group I (knowledge of the waiver practice and its impact on financial reporting), if predating the conspiracy, is offered for a relevant purpose – knowledge of the true state of affairs – and that evidence that Defendants knew about the waiver practice would help prove that Defendants knew what they submitted to the SEC, Federal Reserve, etc., were false, that its probative value is directly on point for one of the main issues in the case, with no unfair prejudicial value, and that upon request I would give a limiting instruction.

Fifth, I tend to think that in general, Group III (statements relating to the condition of the bank's portfolio and the bank's stock), could be relevant to knowledge or motive, but these are matters that are going to have to be examined more closely.

Sixth, I think Group II (lending, credit, and loan review practices) is the most problematic, as the jury is going to need to know how the bank worked. But it seems evident that the Government wants to prove that the Bank made some unwise, even reckless, choices in the years leading up to the critical period. The Government talks about proving the "suppress[ion of] a functioning credit culture," acting "without regard to prudent underwriting principles," and "reckless lending." (D.I. 371, at 14-15). I think the Government is offering this as "background evidence" (*id*. at 16-17), which is a permissible purpose, but which, from the case law, seems to be one that has to be watched to make sure that it is not a wolf in sheep's clothing. It seems to me that the Government is on more solid ground when it seeks to admit evidence of supplemental financing, the ten percent rule, and mass extensions during the time frame of the conspiracy or in the time period covered by reports, even if the time period preceded the conspiracy time frame.

Seventh, I would like to discuss one of the footnotes in the Government's reply. (D.I. 423 at 10 n.3). As I understand it, the Third Superseding Indictment does not allege a false statement in the 2009 Form 10-K in describing the "rigorous" underwriting standards of the bank. Thus, it is not clear to me whether the Government seeks to prove lack of rigor as a part of its case-in-chief. If it does, then we are need to going to discuss the case cited by Defendant, *United States v. Riddle*, 103 F.3d 423 (5th Cir. 1997), for the proposition that Defendants are not on trial for being "bad bankers." It seems to me that it is entirely unnecessary to inject the actual rigorousness of the bank's underwriting as an issue at trial, and it seems that Rule 403 would provide a basis for me to exclude arguments, either way, about rigor or lack of rigor. Of course, if one of the emails written during the conspiracy is a statement of a defendant that, "our underwriting is terrible," that might be offered, and admitted, for state of mind. But whether the underwriting was, or was not, actually terrible, is something I would be inclined to keep out.

One thing that would be helpful would be for Defendant to submit its many proposed limiting instructions (D.I. 399 at pp. 9, 10, 18, 32, 35, 38, 43, 50) by September 14, 2017. I suspect that leaving the text of limiting instructions for later is not going to promote a smooth trial.

I emphasize that I have set forth my thinking about some of the issues raised in the briefing so that the parties can better focus their arguments. All conclusions are, at this point, preliminary.

7

The Court will separately schedule argument on the Government's motion.

Entered this 12 day of September 2017.

/s/ Richard G. Andrews
United States District Judge