## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Action No. 1:15-23-RGA |
| | ) |
| DAVID R. GIBSON, | ) |
| ROBERT V.A. HARRA, | ) |
| WILLIAM NORTH, and | ) |
| KEVYN RAKOWSKI, | ) |
| | |
| Defendants. | |

## PRELIMINARY JURY INSTRUCTIONS

**JURY INSTRUCTION NO. 1 (Role of the Jury)**

Now that you have been sworn, let me tell you what your role is as jurors in this case.

Under our system of justice, the role of the jury is to find the facts of the case based on the evidence presented in the trial. You must decide the facts only from the evidence presented to you in this trial.

From the evidence that you will hear and see in court: you will decide what the facts are and then apply to those facts the law that I will give you in my final instructions. That is how you will reach your verdict.

Whatever your verdict, it will have to be unanimous. All of you will have to agree on it or there will be no verdict. In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind. Therefore, each of you has a responsibility which you cannot avoid and you should do your best throughout the trial to fulfill this responsibility.

I play no part in finding the facts. You should not take anything I may say or do during the trial as indicating what I think of the evidence or about what your verdict should be. My role is to make whatever legal decisions have to be made during the course of the trial and to explain to you the legal principles that must guide you in your decisions.

You must apply my instructions about the law. Each of the instructions is important. You must not substitute your own opinion about what the law is or ought to be. You must follow the law that I give to you, whether you agree with it or not.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color,

1

religion, national ancestry, gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.

**JURY INSTRUCTION NO. 2 (Conduct of the Jury)**

Here are some important rules about your conduct as jurors:

(1) Keep an open mind. Do not make up your mind about the verdict until you have heard all of the evidence, and I have given final instructions about the law at the end of the trial, and you have discussed the case with your fellow jurors during your deliberations.

(2) Do not discuss the case among yourselves until the end of the trial when you retire to the jury room to deliberate. You need to allow each juror the opportunity to keep an open mind throughout the .entire trial. During trial you may talk with your fellow jurors about anything else of a personal nature or of common interest. But you may not discuss the case with your fellow jurors during trial.

(3) During the trial you should not speak to any of the parties, lawyers, or witnesses involved in this case, not even to pass the time of day. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either.

(4) Do not talk with anyone else or listen to others talk about this case until the trial has ended and you have been discharged as jurors. It is important not only that you do justice in this case, but that you give the appearance of justice. If anyone should try to talk to you about the case during the trial, please report that to me, through my courtroom deputy, immediately. Do not discuss this situation with any other juror.

(5) Do not discuss the case with anyone outside the courtroom or at home, including your family and friends. You may tell your family or friends that you have been selected as a juror in a case and you may tell them how long the trial is expected to last. However, you should also tell them that the judge instructed you not to talk any more about the case and that they should not talk to you about it. The reason for this is that sometimes someone else's thoughts can influence you. Your thinking should be influenced only by what you learn in the courtroom.

(6) Until the trial is over I suggest you avoid the News Journal, both in print and online. I do not know whether there might be any news reports of this case elsewhere, but if there are you might inadvertently find yourself reading or listening to something before you could do anything about it. If you want, you can have your spouse or a friend clip out any stories and set them aside to give you after the trial is over. It is important for you to understand that this case must be decided only by the evidence presented in the courtroom and the instructions I give you.

(7) Do not use a computer, cell phone, other electronic devices or tools of technology while in the courtroom or during deliberations. These devices may be used during breaks or recesses for personal uses, but may not be used to obtain or disclose information about this case. You may not communicate with anyone about the case on your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Twitter, through any blog or website, through any internet chat room, or by way of any other social networking websites, including Google+, Facebook, My Space, LinkedIn, and YouTube. You may not use any similar technology of social media, even if I have not specifically mentioned it.

(8) Do not do any research or make any investigation on your own about any matters relating to this case or this type of case. This means, for example, that you must not consult reference works or dictionaries, or search the internet, websites or blogs for additional

information, or use a computer, cellular phone, or other electronic devices  or any other method,

to obtain information about this case, this type of case, the parties in this case, or anyone else

involved in this case. Please do not try to find out information from any source outside the

confines of this courtroom. You must decide this case based only on the evidence presented in

the courtroom and my instructions about the law. It would be improper for you to try to

supplement that information on your own.

(9) If you learn that any juror has violated any of the above rules, you must report the

violation to me immediately.

(10) During the course of the trial, lawyers for the Government and lawyers for the

Defendants may not always be in the Courtroom when you are in the Courtroom.  When lawyers

are absent from the Courtroom, they are absent with my permission Thus you should draw no

conclusions based on which lawyers are present or absent at various times.

(11) Finally, you should not concern yourself with or consider the possible punishment

that might be imposed if you return a verdict of guilty.


**JURY INSTRUCTION NO. 3 (Bench (Side-Bar) Conferences)**

During the trial it may be necessary for me to talk with the lawyers out of your hearing.

That is called a bench or side-bar conference. If that happens, please be patient. We also ask that

you advise me, through my courtroom deputy; if you are able to hear any of the bench or side-

bar conferences, because the purpose is to hold these discussions outside the hearing of the jury,

for important reasons.

I know you may be curious about what we are discussing. We are not trying to keep

important information from you. These conferences are necessary for me to discuss with the

lawyers' objections to evidence and to be sure that evidence is presented to you correctly under the rules of evidence. We will, of course, do what we can to keep the number and length of these conferences to a minimum. If I think the conference will be long, I will call a recess.

I may not always grant a lawyer's request for a conference. Do not consider my granting or denying a request for a conference as suggesting my opinion of the case or of what your verdict should be.

**JURY INSTRUCTION NO. 4 (Note Taking by Jurors)**

At the end of the trial you must make your decision based on what you remember of the evidence. You will not have a written transcript of the testimony to review. You must pay close attention to the testimony as it is given.

If you wish, you may take notes to help you remember what witnesses said. My courtroom deputy will arrange for pens, pencils, and paper. If you do take notes, please keep them to yourself until the end of trial when you and your fellow jurors go to the jury room to decide the case. Here are some other specific points to keep in mind about note taking:

(1) Note-taking is permitted, but it is not required. How many notes you want to take, if any, is entirely up to you.

(2) Please make sure that note-taking does not distract you from your tasks as jurors. You must listen to all the testimony of each witness. You will have to judge their credibility. That will require you to watch the appearance, behavior, and manner of each witness while he or she is testifying. You cannot write down everything that is said and there is always a fear that a juror will focus so much on note-taking that he or she will miss the opportunity to make important observations.

(3) <u>Your notes are memory aids:  they are not evidence.</u>  Notes are not a record or written transcript of the trial.  Whether or not you take notes, you will need to rely on your own memory of what was said.  Notes are only to assist your memory.

(4) <u>You should not take your notes away from court.</u>  My staff is responsible for making sure that no one looks at your notes.  My staff will collect and destroy your notes when the case is over.

**JURY INSTRUCTION NO. 5 (Description of Trial Proceedings)**

The trial will proceed in the following manner:

First:  The lawyers will have an opportunity to make opening statements to you. The prosecutor may make an opening statement at the beginning of the case. The defendants ' lawyers may make opening statements after the prosecutor's opening statement or the defendants may postpone the making of an opening statement until after the government finishes presenting its evidence. The defendants *are* not required to make an opening statement.

The opening statements are simply an outline to help you understand what each party expects the evidence to show. What is said in the opening statements is not itself evidence.

Second:  After opening statements, the government will introduce the evidence that it thinks proves the charges stated in the indictment. The government will present witnesses and the defendants' lawyers may cross-examine those witnesses. The government may also offer documents and other exhibits into evidence.

Third:  After the government has presented its evidence, the defendants may present evidence, but they are not required to do so. As I will tell you many times during this trial, the government always has the burden or obligation to prove each and every element of the offenses

charged beyond a reasonable doubt. The defendants are presumed to be innocent of the charges. The law never imposes on a defendant in a criminal case the burden of proving his or her innocence or calling any witnesses, producing any exhibits, or introducing any evidence.

Fourth:  After all of the evidence has been presented, I will give you orally and in writing the final instructions concerning the law that you must apply to the evidence presented during the trial.

Fifth:  The lawyers will have the opportunity to present closing arguments.  Closing arguments are designed to present to you the parties' theories about what the evidence has shown and what conclusions may be drawn from the evidence.  What is said in closing arguments is not evidence, just as what is said in the opening statements is not evidence.

Sixth:  After a few additional instructions on the law, you will retire to consider your verdict.  Your deliberations will be secret.  You will not be required to explain your verdict to anyone.  Your verdict must be unanimous as to each count and each defendant that you are considering; all twelve of you must agree to it.

Keep an open mind.  Do not make up your mind about the verdict until you have heard all of the evidence, and I have given final instructions about the law at the end of the trial, and you have discussed the case with your fellow jurors during your deliberations.


**JURY INSTRUCTION NO. 6 (Nature of the Indictment)**

The government has charged the defendants, Mr. Gibson, Mr. Harra, Mr. North, and Ms. Rakowski, with violating federal law, specifically:

- Conspiracy to Defraud the United States, Commit Securities Fraud, and Make False Statements to Regulators (Count One);

- Securities Fraud (Count Two);

- Making False Statements in Documents Required to be Filed with the Securities and Exchange Commission (Counts Four and Six);

- Making False Statements to the Securities Exchange Commission and the Federal Reserve (Counts Five and Eleven to Sixteen); and

- Making False Entries in Banking Records (Counts Seven to Ten).

In addition, Defendant David Gibson has been charged with Making False Certifications in Financial Reports (Counts Seventeen to Nineteen).

The charges against the defendants are contained in the indictment. An indictment is just the formal way of specifying the exact crimes the defendants are accused of committing. An indictment is simply a description of the charges against a defendant. It is an accusation only. An indictment is not evidence of anything, and you should not give any weight to the fact that anyone has been indicted in making your decision in this case.

**JURY INSTRUCTION NO. 7 (Evidence)**

You must make your decision in this case based only on the evidence that you see and hear in the courtroom. Do not let rumors, suspicions, or anything else that you see or hear outside of court influence your decision in any way. The evidence from which you are to find the facts will consist of the following:

(1) The testimony of the witnesses:

(2) Documents and other things received as exhibits; and

(3) Any fact or testimony that is stipulated; that is, formally agreed to by the parties.

The following are not evidence:

(1) Statements and arguments of the lawyers for the parties in this case;

(2) Questions by the lawyers and questions that I might ask. You must not assume that a fact is true just because one of the lawyers or I ask a question about it. It is the witness answers that are evidence. Of course, you may need to consider the question to know what a witness means by his or her answer. For example, if a witness answers yes to a question, you will have to consider the question to understand what the witness is saying.

(3) Objections by lawyers, including objections in which the lawyers state facts;

(4) Any testimony I strike or tell you to disregard; and

(5) Anything you may see or hear about this case outside the courtroom.

The rules of evidence control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. An objection simply means that the lawyer is asking me to decide whether the evidence should be allowed under the rules. Lawyers have a responsibility to their clients to make objections when they think evidence being offered is improper under the rules of evidence. You should not be influenced by the fact that an objection is made.

You should also not be influenced by my rulings on objections to evidence. If I Overrule an objection, the question may be answered or the exhibit may be received as evidence, and you should treat the testimony or exhibit like any other. I may allow evidence -- testimony or exhibits -- only for a limited purpose. If I do that, Iwill instruct you to consider the evidence only for that limited purpose, and you must follow that instruction.

If I sustain an objection, the question will not be answered or the exhibit will not

9

be received as evidence. Whenever I sustain an objection, you must disregard the question or the exhibit entirely. Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown. Sometimes a witness may have already answered before a lawyer objects or before I rule on the objection. If that happens and if I sustain the objection, you should disregard the answer that was given.

Also, I may order that some testimony or other evidence be stricken or removed from the record. If I do that, I will instruct you to disregard that evidence. That means, when you are deciding the case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may call your attention to certain facts or factual conclusions that they think are important, what the lawyers say is not evidence and is not binding on you. It is your own recollection and interpretation of the evidence that controls your decision. Also, do not assume from anything I do or say during the trial that I have any opinion about the evidence or about any of the issues in this case or about what your verdict should be.

**JURY INSTRUCTION NO. 8 (Presumption of innocence; Burden of Proof; Reasonable Doubt)**

The defendants Mr. Gibson, Mr. Harra, Mr. North, and Ms. Rakowski have pleaded not guilty to the offenses charged. Each defendant is presumed to be innocent. Each defendant starts the trial with a clean slate, with no evidence against him, or her. The presumption of innocence stays with each defendant unless and until the government presents evidence that overcomes that presumption by convincing you that the defendant you are considering is guilty of the offenses charged beyond a reasonable doubt.

10

The presumption of innocence requires that you find Mr. Gibson, Mr. Harra, Mr. North, and Ms. Rakowski not guilty, unless you are satisfied that the government has proved guilt of the defendant you are considering beyond a reasonable doubt. The presumption of innocence means that the defendants have no burden or obligation to present any evidence at all or to prove that they are not guilty. The burden or obligation of proof is on the government to prove that each defendant is guilty beyond a reasonable doubt, and this burden stays with the government throughout the trial.

In order for you to find Mr. Gibson, Mr. Harra, Mr. North, or Ms. Rakowski guilty of the offenses charged, the government must convince you that the defendant you are considering is guilty beyond a reasonable doubt. That means that the government must prove each and every element of the offenses charged beyond a reasonable doubt. A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture or speculation are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience. A reasonable doubt means a doubt that would cause an ordinary reasonable person to hesitate to act in matters of importance in his or her own life. It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, after hearing all the evidence, you are convinced that the government has proved Mr. Gibson, Mr. Harra, Mr. North, or Ms. Rakowski guilty beyond a reasonable doubt, you should return a verdict of guilty. However, if you have a reasonable doubt as to an element of an offense, then you must return a verdict of not guilty.

11

**JURY INSTRUCTION NO. 9 (Separate Consideration - Multiple Defendants Charged with Different Offenses)**

The defendants Mr. Gibson, Mr. Harra, Mr. North, and Ms. Rakowski are all charged with more than one offense. Each offense is charged in a separate count of the indictment. I will explain to you in more detail shortly which defendants are charged with which offenses. Before I do that, however, I want to emphasize several things.

The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way. Also, in our system of justice, guilt or innocence is personal and individual. You must separately consider the evidence against each defendant on each offense charged, and you must return a separate verdict for each defendant on each count. For each defendant and count, you must decide whether the government has proved beyond a reasonable doubt that the particular defendant is guilty of the particular offense.

Your decision on any one defendant or any one count, whether guilty or not guilty, should not influence your decision on any of the other defendants or counts. Each defendant and each count should be considered separately.

**JURY INSTRUCTION NO. 10 (Summary of Applicable Law)**

To help you follow the evidence, I will now give you a brief summary of the elements of the offenses alleged in the indictment, each of which the government must prove beyond a reasonable doubt, in order to convict a defendant of the offense charged.

1. **Conspiracy to Defraud the United States, Commit Securities Fraud, and Make False Statements to Regulators (Count One)**

Count One charges the defendants with conspiracy to defraud the United States, to commit securities fraud, and to make false statements to the Securities and Exchange

Commission and the Federal Reserve between October 2009 and November 2010. The
government must prove the following elements of Count One beyond a reasonable doubt:

First: That two or more persons agreed to commit an offense against the United States,
or to defraud the United States as charged in the indictment. "Defraud the United States" means
to obstruct or interfere with one of the United States government's lawful functions, by deceit or
dishonest means;

Second: That the Defendant was a party to or member of that agreement;

Third: That the Defendant joined the agreement or conspiracy knowing of its objectives
to commit an offense against the United States or to Defraud the United States and intending to
join together with at least one other alleged conspirator to achieve those objective(s); that is, that
the Defendant and at least one other alleged conspirator shared a unity of purpose and the intent
to achieve common goals or objectives, to commit an offense against the United States; and

Fourth: That at some time during the existence of the agreement or conspiracy, at least
one of its members performed an overt act in order to further the objectives of the agreement.

**2.  Securities Fraud (Count Two)**

Count Two charges the defendants with securities fraud. The government must prove the
following elements of Count Two beyond a reasonable doubt:

First, the defendant knowingly employed a scheme or artifice to defraud any person or
made any false or fraudulent pretenses, representations or promises with the purpose to obtain
any money or property;

Second, the fraud scheme or false or fraudulent pretenses, representations, or promises
were employed in connection with any Security;

Third, the Security was registered on a national securities exchange, or the issuer of the
security was required to file reports under the Securities Exchange Act; and

13

Fourth, the defendant acted with an intent to defraud.

### 3. Making False Statements in Documents Required to be Filed with the Securities and Exchange Commission (Counts Four and Six)

Counts Four and Six charge the defendants with making false statements in documents

required to be filed with the Securities and Exchange Commission. The government must prove

the following elements of Counts Four and Six as to each defendant beyond a reasonable doubt:

First, the Defendant knowingly and willfully made, or caused to be made, any false or

fraudulent statement in an application, report, or document required to be filed with the

Securities and Exchange Commission;

Second, the Defendant did so with the intent to deceive, manipulate, or defraud; and

Third, the statement was false or misleading with respect to any material fact.

### 4. Making False Statements to the Securities Exchange Commission and the Federal Reserve (Counts Five and Eleven to Sixteen).

Counts Five and Eleven to Sixteen charge the defendants with making materially false

statements to the Securities and Exchange Commission and the Federal Reserve. The

government must prove the following elements of Counts Five and Eleven to Sixteen as to each

defendant beyond a reasonable doubt:

First, that the Defendant made a statement or representation;

Second, that the statement or representation was false;

Third, that the false statement was made knowingly and willfully;

Fourth, that the statement or representation was material; and

Fifth, that the statement or representation was made in a matter within the jurisdiction of

the Executive Branch of the United States.

### 5. Making False Entries in Federal Banking Records (Counts Seven to Ten)

14

Counts Seven to Ten charge the defendants with making false entries in federal banking records. The government must prove the following elements of Counts Seven to Ten as to each defendant beyond a reasonable doubt:

First, that the Defendant made or caused to be made a false entry concerning a material fact in the books or records of Wilmington Trust;

Second, that Wilmington Trust was a member bank of the Federal Reserve System or insured by the Federal Deposit Insurance Corporation;

Third, that the Defendant knew that the entry made was false; and

Fourth, that the Defendant made the false entry with the intent to deceive any agent or examiner appointed to examine the affairs of such bank, or the Board of Governors of the Federal Reserve System.

### 6. Making False Certifications in Financial Reports (Counts Seventeen to Nineteen)

Defendant David Gibson is charged in Counts Seventeen to Nineteen with making False Certifications in Financial Reports. In order to prove that Mr. Gibson committed the offenses charged in Counts Seventeen to Nineteen of the Indictment, the government must prove each of the following elements beyond a reasonable doubt:

First, Wilmington Trust was an issuer of securities which filed periodic reports with the SEC;

Second, that the particular periodic report at issue required Mr. Gibson, the Chief Financial Officer of Wilmington Trust, to execute a Mitten certification accompanying the period report in accordance with two particular sections of the Securities Exchange Act of 1934;

Third, that Mr. Gibson certified that the periodic report fairly presents, in all material respects, the financial condition and results of operations of Wilmington Trust;

Fourth, that the certification was false; and

Fifth, Mr. Gibson knew that the certifications were false.

What I have just told you is only a preliminary and summary outlines of the elements of the offense charged as to the defendants.  At the end of trial, I will give you final instructions on the elements of the offenses charged.  These final instructions will be more detailed; they will explain what these elements mean, particularly with respect to the elements of falsity and criminal intent.  These final instructions will guide you in reaching your verdict in this case.