IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
| ) | |
| Plaintiff,      ) | |
| ) | |
| v.      ) | Crim. Action. No. 15-23-RGA |
| ) | |
| DAVID R. GIBSON,      ) | |
| ROBERT V. A. HARRA,      ) | |
| WILLIAM NORTH, and      ) | |
| KEVYN RAKOWSKI,      ) | |
| ) | |
| Defendants.      ) | |

ORDER ON PEREMPTORY CHALLENGES

We will select a jury of 12. By Rule, the Defendants get 10 challenges and the Government gets six. We will select 5 alternates. By Rule, both sides gets 3 challenges for the alternates. Fed. R. Crim. P. 24(b)(2) & (c)(4)(C). The Court previously held that it would give Defendants a minimum of 6 extra challenges for the jury and 2 extra challenges for the alternates. (D.I. 553).

At this point, we have 63 qualified jurors, but there could be some issues about 4 of them. Upon reflection, and with consideration of the various arguments, including those made during jury selection on March 8, 2018, what I would like to do is to increase each side's number of challenges for cause in a proportionate manner, as follows. The Government gets 3 more for the jury, and the Defendants 5. For the alternates, the Government and Defendants each get two

more. That would result in a need for 59 qualified jurors. If the panel remains above 59, there will be some "unused" jurors. If the panel drops below 59, an adjustment will have to be made.

In the meantime, if Defendants want the extra jurors beyond what I promised last Fall, I will need to have their **consent in writing** to the above by the COB on March 9, 2018.

If it turns out that Defendants have 21 strikes and the Government 9 for the jury, then Defendants are going to have to exercise them 3 at a time.

IT IS SO ORDERED this 6 day of March 2018.

/s/ Richard G. Andrews
United States District Judge