IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| UNITED STATES OF AMERICA, | : | |
|---|---|---|
| Plaintiff, | : | |
| v. | : | Criminal Action No. 15-23-RGA |
| DAVID R. GIBSON,<br>ROBERT V. A. HARRA,<br>WILLIAM NORTH, and<br>KEVYN RAKOWSKI, | : | |
| Defendants. | : | |

**ORDER**

The Government filed a motion to exclude the testimony of Allen Clark (D.I. 694), and Defendant Harra responded. (D.I. 699). The other Defendants joined in the response. (D.I. 702, 703, 704). I have the three pages of Clark's expert disclosure. (D.I. 694-8 at 3-5). The parties are arguing over his qualifications, and whether a *Daubert* hearing is necessary. The Government's view is that Clark's extensive experience as an FDIC examiner is insufficient for him to opine on how Federal Reserve examiners use "Commercial Loan Downloads or ALERT" data during examinations. (*Id.* at 3). He seems to have three related opinions about that use, none of which seem to be tied to the facts of this case. He also has about seven other opinions stated in the three pages, which do not seem to be at issue by virtue of this motion.

Before I have a hearing, or otherwise rule on this motion, I would like to know what the relevance of his opinions about what bank examiners normally do is. This is a case in which I would think the focus is on what employees of Wilmington Trust did, or did not, do. To the extent what Federal Reserve examiners did, or did not do, is involved in this, I would think the

issue is not, what do they usually do, but what did they do in this case. But there are no opinions about that. The documents that Clark reviewed include the Federal Reserve's examination workpapers, and, seemingly, all other relevant papers. Thus, the generality of his opinions is not for lack of information about what the documents actually show. And yet the only two opinions[1] that seem to relate to the facts of this case are seemingly unrelated to the challenged Commercial Loan Downloads/ALERT data opinions.

I request that Defendant Harra submit a letter explaining the relevance of the proposed testimony to a disputed issue in the case. I would request that the letter be filed no later than March 13, 2018.

IT IS SO ORDERED this 9 day of March 2018.

Richard G. Andrews
United States District Judge

---

[1] He says that the Bank produced documents that "demonstrated that the Bank's regulatory filings and past due loan schedules did not include a significant number of 90 day or more matured commercial loans that were current for interest," and that the loans at issue meet a certain definition of "Past Due."