IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 1:15-23-RGA |
| ) | |
| ) | |
| DAVID R. GIBSON, ) | |
| ROBERT V.A. HARRA, ) | |
| WILLIAM NORTH, and ) | |
| KEVYN RAKOWSKI, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT ROBERT V.A. HARRA'S MOTION TO
PRECLUDE THE GOVERNMENT FROM VIOLATING THE COURT'S
PRIOR ORDER REGARDING PURPORTED "PUSH BACK" EVIDENCE**

Defendant Robert V.A. Harra Jr. ("Mr. Harra"), through undersigned counsel, hereby moves this Honorable Court to enforce this Court's prior ruling prohibiting the Government from introducing at trial any evidence of Mr. Harra's purported "push back" or resistance against recommended ratings downgrades of commercial loans. (D.I. 571 at 14, attached hereto as Exhibit A).

Despite Mr. Harra's unopposed Motion in Limine No. 2 to Exclude Purported "Push Back" Evidence (D.I. 424, attached hereto as Exhibit B) and the Court's prior ruling granting the same, the Government nonetheless seeks to elicit witness testimony during trial concerning Mr. Harra's alleged resistance (or "push back") against recommended ratings downgrades of the Bank's commercial loans. At a sidebar conference, the Government argued that one or more of the defendants had opened the door to "push back" evidence because Mr. Infanti was asked whether anyone in Bank's management has asked him to "lie" to regulators or examiners. (Trial Tr. At 1756 - 64; excerpt attached hereto as Exhibit C). In doing so, the Government

1

mischaracterizes the sole question that counsel for Mr. Harra actually posed to Mr. Infanti, which was: "But during those conversations…Mr. Harra never discouraged *you* from performing *your* job with integrity, right?"  (Trial Tr. At 1700: 4-10) (emphasis added). This question has absolutely nothing to do with any alleged instance of "push back" against recommended ratings downgrades of commercial loans.

This door was sealed shut pretrial and cannot be reopened now.  In its August 1, 2016 letter, the Government initially sought to introduce "push back" evidence concerning "downgrading of particular credits."  (*See* D.I. 371-1, paragraph 21; attached hereto as Exhibit D).  In its letter, the Government explicitly categorized this evidence as "evidence that potentially is subject to Federal Rule of Evidence 404(b).  (*See* D.I. 371 at 1, 22 fn 9; Ex. D). This issue was briefed by the Bank's counsel (D.I. 399; excerpt attached hereto as Exhibit E), and Mr. Harra also filed a *motion in limin*e to exclude any such evidence.  (D.I. 424; Ex. B). Both the Bank and Harra's *motion in limine* were explicitly predicated upon an argument that the proffered evidence was nothing more than "bad bank" evidence that was prohibited by F.R.E. 404(b) (as well as F.R.E. 403).

On September 22, 2017, the Government filed its response to this issue, as excerpted in relevant part below (D.I. 530 at 19 of 22; excerpt attached hereto as Exhibit F):

> **HARRA #2 – D.I. 446: "PUSH BACK" EVIDENCE**
>
> **Defendant's Request:**
> The defendant seeks to exclude evidence of his resistance (or "pushback") against recommended ratings downgrades of the Bank's commercial loans and the assignment of Conway to review proposed downgrades.
>
> **Government's Response:**   Not opposed.

Based on the Government's stated position, the Court only briefly addressed Mr. Harra's unopposed motion during the initial pretrial conference on September 25, 2017, and queried whether the Government agreed that it would not seek to introduce "push back" evidence. (D.I. 545 at 145-46; excerpt attached hereto as Exhibit G). The Government confirmed that it did not oppose Mr. Harra's motion and advised the Court that it would not elicit testimony concerning the "specific pushback evidence." *Id.* at 146. Accordingly, the parties did not present any further substantive argument on the merits, and there was no reservation of rights to wait and see if any party 'opened the door' during trial. The Government's concession bound it irrevocably to the position that the evidence was barred by F.R.E. 404(b), as did this Court's subsequent Order that granted Harra's motion to exclude "push back evidence" from this trial. (D.I. 571 at 14; Ex. A).

Despite its pre-trial concession and this Court's unambiguous Order that granted Mr. Harra's motion to exclude "push back" evidence from this trial, during its re-direct examination of Mr. Infanti the Government attempted to question him regarding "push back evidence." In doing so, the Government both reneged upon its earlier agreement not to seek the introduction of this evidence but also proceeded in violation of this Court's Order barring such evidence, without first seeking prior leave of the Court to do so. (Trial Tr. At 1755-56; Ex. C). The Government now argues that this unfairly prejudicial, if not wholly irrelevant, evidence has been made admissible because of *one* question of Mr. Infanti asked by Mr. Harra's counsel: "

> Q: But during those conversations…Mr. Harra never discouraged *you* from performing *your* job with integrity, right?"
>
> A: Yes

3

(Trial Tr. At 1700: 4-10). (emphasis added). Nothing about that single question and answer changes the fundamentally inadmissible nature of "push back" evidence, when it is considered in light of the strictures of F.R.E. 401, 403 and 404(b). Defendant Harra hereby reincorporates by reference its arguments pertaining to the irrelevance and unfairly prejudicial nature of this evidence, as well as its inadmissibility pursuant to F.R.E. 404(b).

The evidence is barred by Federal Rules of Evidence 401, 403, and 404(b). To the extent the Government seeks to introduce this evidence on any other grounds, the evidence should be excluded because it is simply not relevant or permissible. The Government's supposed purpose for introducing this evidence—to establish the Defendants' awareness of "the deteriorating condition of the Bank's loan portfolio and underlying collateral values throughout 2009" (D.I. 371 at 21; Ex. A) (which is certainly not established by evidence of internal discussions as to the risk ratings of certain specific loans)—is a wholly separate issue from the unlawful conduct with which the Defendants are charged, that is, the Bank's decisions regarding the reporting of "past due" loans in late 2009 and 2010. *See* Fed. R. Evid. 401 (defining relevant evidence as that which "has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action.").

Pursuant to Rule 403, any presentation of pushback evidence, even if determined to be relevant, would be substantially outweighed by the potential for jury confusion and unnecessary delay of the trial. Any such evidence of alleged pushback on loan ratings is not substantially relevant to the charged conduct relating to waived loan. *See* Fed. R. Evid. 403. The Court itself opined that this line of questioning was "pretty unrelated to what is actually charged as a crime here" (Trial Tr. At 1754), and if the Government is permitted to revisit closed and irrelevant issues, Mr. Harra would then be required to offer his own evidence to rebut the Government's

claims. Given the expected length of this trial, there is no need to further complicate matters by reopening closed issues and engaging in mini-trials and protracted sidebar discussions on irrelevant matters.

The Government is again seeking to impermissibly 'backdoor' irrelevant and unfairly prejudicial evidence about a "bad bank" run by "bad" people with a propensity to engage in wrongdoing. The Court has forbidden the Government from introducing this type of 404(b) evidence against the defendants generally, and has specifically excluded this type of evidence against Mr. Harra on this issue.

The Government must not be permitted to re-litigate a theory of admissibility pursuant to F.R.E. 404(b) in light of its pre-trial decision not to contest Mr. Harra's motion *in limine,* and this Court's subsequent decision granting the motion. Nothing has changed since that Order entered on October 6, 2017 "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Musacchio v. U.S.*, 136 S.Ct. 709, 716 (Jan. 25, 2016).

However, should the Government attempt to do an end-run around the law of the case doctrine in this instance by claiming that "push back" evidence is somehow admissible to impeach Mr. Infanti pursuant to F.R.E. 405(b) or 608(b) it is clear that this argument must fail. The sole question posed of Mr. Infanti by Mr. Harra's counsel that the Government claims somehow relates to Mr. Harra's character was explicitly a question about how Mr. Infanti did his job while employed at Wilmington trust. It was *not* a question that asked Mr. Infanti to opine in any way about Mr. Harra's character. For that reason, the Government's attempt to avoid this Court's Order granting Mr. Harra's *motion in limine* must fail.

5

Even if one assumes *arguendo* that the question somehow placed Mr. Harra's character for truthfulness at issue – a concession that we do not make – the circumstances make it clear that the sole question and answer at issue was narrowly related to Mr. Harra's truthfulness. The sidebar colloquy immediately prior to the questioning is conclusive:

> MR. WOOD: Yes. And the other, the other thing is I wanted to use the word "integrity" and I know you were happier with honesty. The problem is, for whatever reason, the word that the witness was asked about in the deposition was "integrity."
>
> THE COURT: All right.
>
> MR. WOOD: It's safer.
>
> THE COURT: I don't think there's a whole lot of difference between integrity and honesty. Integrity is what people are talking about. I take it it covers the same thing.

(Trial Tr. at 1700: 4-10; Ex. C)   Seen in this light, it is clear that the sole question posed by Mr. Harra's counsel, and the sole answer to it, related directly and only to Mr. Harra's reputation for truthfulness.  The Government has *never* previously claimed that the "push back" evidence it now – again – seeks to admit has any bearing whatsoever on Mr. Harra's truthfulness, and of course it has absolutely nothing to do with that.  Consequently, Government must not be permitted to offer "push back evidence that has *nothing* to do with the character trait placed at issue by Mr. Harra.  "Obviously, cross examination must be confined to matters bearing on the particular character trait to which the witness testified.  *United States v. Curtis*, 644 F.2d 263, 268 (3d Cir. 1981).

WHEREFORE, the undersigned counsel respectfully requests that this Honorable Court grant this motion and preclude the Government from impermissibly introducing a closed evidentiary matter into evidence.

Dated:  March 15, 2017 **McCARTER & ENGLISH, LLP**

*/s/ Michael P. Kelly*
Michael P. Kelly (#2295)
Steven P. Wood (#2309)
Dawn Kurtz Crompton (#5579)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
*mkelly@mccarter.com*
*swood@mccarter.com*
*dcrompton@mccarter.com*

Andrew M. Lawler, Esq.
Sharon Feldman, Esq.
ANDREW M. LAWLER, P.C.
641 Lexington Avenue
New York, NY
(212) 832-3160
*alawler@amlpc.com*

Geoffrey N. Rosamond, Esq.
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 639-8461
*grosamond@mccarter.com*

*Attorneys for Robert V.A. Harra, Jr.*