IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Crim. Action. No. 15-23-RGA |
| | ) |
| DAVID R. GIBSON, | ) |
| ROBERT V. A. HARRA, | ) |
| WILLIAM NORTH, and | ) |
| KEVYN RAKOWSKI, | ) |
| | ) |
| Defendants. | ) |

ORDER REGARDING CLOSING ARGUMENTS

The parties disagree on whether they should be allowed to display "trial transcripts" during closing argument. The Government has submitted an email citing numerous courts of appeals cases, the most recent of which is from 1995. And, the lead cases involve transcripts of recorded conversations, which the jury would have seen during the trial, unlike trial transcripts, which the jury has not seen. I take from the cited cases that I have discretion in the matter. But none of the cited cases directly addresses the question.

Undoubtedly, the only reason to use the trial transcripts is tell the jury in written form, this is what the witness actually said. If the jury later were to ask, can we get the transcript, or portions of the transcript, I might, depending on circumstances, see *United States v. Bertoli*, 40 F.3d 1384, 1399-1401 (3d Cir. 1994), allow either the reading back of testimony or the production of written transcripts. The exercise of discretion involved in making that decision will be somewhat compromised if I have already allowed selected portions of the transcript to be displayed to the jury. That is, if the jury has already seen that there is a transcript, and that

certain portions of it have been shown to jury, it would be a lot harder for me to give the jury a rational explanation of why I cannot give them what they seek, if that is what I would then determine the exercise of discretion to require.

There is of course nothing to prevent counsel from suggesting that the jury will recall that a witness said "x." But the concerns that may arise later with the use of a transcript, such as taking testimony out of context or giving particular questions and answers undue weight, *see id.*, exist at closing argument, and in a setting where, if there are valid objections, they cannot be resolved with the same thought that might go into a request from a deliberating jury.

Thus, the parties may not display transcripts of testimony during closing argument. The parties should also not refer to "trial transcripts" or "transcripts [of testimony]" during closing arguments.

IT IS SO ORDERED this ___ day of April 2018.

_____
United States District Judge