IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 15-cr-23-RGA |
| | ) | |
| DAVID R. GIBSON, | ) | |
| ROBERT V. A. HARRA, | ) | |
| WILLIAM B. NORTH, and | ) | |
| KEVYN N. RAKOWSKI, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION PURSUANT TO RULE 29 AND RULE 33

1.  <u>Federal Rule of Criminal Procedure 29</u>. Pursuant to Federal Rule of Criminal Procedure 29, Defendants David R. Gibson, Robert V.A. Harra, William B. North and Kevyn N. Rakowski filed motions for Judgments of Acquittal with respect to Count One (Conspiracy to Defraud the United States, Commit Securities Fraud, and Make False Statements to Regulators in violation of 18 U.S.C. Section 371), Count Two (Securities Fraud in violation of 18 U.S.C. Section 1348), Counts Four and Six (Making False Statements in Documents Required to be Filed with the Securities and Exchange Commission in violation of 15 U.S.C. Sections 78m(a) and 78ff), Counts Five and Eleven to Sixteen (Making False Statements to the Securities Exchange Commission and the Federal Reserve in violation of 18 U.S.C. Section 1001), Counts Seven to Ten (Making False Entries in Banking Records in violation of 18 U.S.C. Section 1005), and Counts Seventeen to Nineteen (False Certification of Financial Reports). (<u>See</u> D.I. 746, D.I. 745, D.I. 743, and D.I. 744). Defendants submit that the Government has failed to produce sufficient evidence as to each Count of the Third Superseding Indictment. The Court has reserved decision on Defendants' Rule 29 motions. (Tr. 6348: 8-18). Defendants respectfully re-

1

submit that their motions should be granted and the Court should enter Judgments of Acquittal pursuant to Federal Rule of Criminal Procedure 29.

    2.    <u>Federal Rule of Criminal Procedure 33</u>. Alternately, the Court should grant a new trial pursuant to Federal Rule of Criminal Procedure 33. Under Rule 33, "the court may grant a new trial to that defendant if the interest of justice so requires…" Fed. R. Crim. P. 33; <u>see also</u> <u>United States v. Johnson</u>, 302 F.139, 150 (3d Cir. 2002). The motion may be granted on either of two grounds. *First*, the court may grant a new trial if the verdict is contrary to the weight of the evidence. <u>Virgin Islands v. Commissiong</u>, 706 F. Supp. 1172, 1184 (D. VI 1989). *Second*, "a court must grant a motion for a new trial when a reasonable possibility exists that 'a trial error had a substantial influence on the verdict.'" <u>United States v. Hamilton</u>, No. 05-876 (JLL), 2010 U.S. Dist. LEXIS 25366 (D. N.J. Mar. 17, 2010) (<u>quoting</u> <u>Commissiong</u>, 706 F. Supp. at 1184).

    3.    Pursuant to Rule 33, the weight of the evidence is contrary to the verdict. As argued under Rule 29, the Government has failed to meet its burden of proof in presenting evidence sufficient to meet the requisite evidence as to each Count of the Third Superseding Indictment.

    4.    Additionally, as argued under Rule 29, the Government's trial presentation—including the evidence it adduced and the closing arguments it made regarding the waiver practice and falsity of the quantity of loans that were 90 days past due—constituted a prejudicial variance and constructive amendment of the Third Superseding Indictment. Both errors require vacatur of the convictions.

    5.    While Defendants request that the Court enter a judgment of acquittal due to insufficient evidence pursuant to Rule 29, the Court should alternatively set aside the jury verdict in the interest of justice and grant a new trial pursuant to Federal Rule of Criminal Procedure 33.

As made clear in Defendants' Rule 29 motions, the weight of the evidence is contrary to the verdict. Trial error also had a substantial influence on the verdict. Defendants incorporate by reference objections made pretrial and during trial about evidentiary and legal issues. Those errors had a substantial influence on the verdict.

6.   Finally, Defendants each formally join in any objections, motions, or other requests for relief asserted by their codefendants, including, but not limited to, the previous motions or arguments under Rule 29, to the extent those objections, motions, or requests for relief are applicable to them.

## **CONCLUSION**

WHEREFORE, this Honorable Court should enter Judgment of Acquittal for each and every Count of the Third Superseding Indictment with respect to Defendants David R. Gibson, Robert V.A. Harra, William B. North and Kevyn N. Rakowski pursuant to Federal Rule of Criminal Procedure 29, on Counts One, Two, Four, Five, and Six, Counts Seven to Ten, Counts Eleven to Sixteen, and Counts Seventeen to Nineteen of the Third Superseding Indictment. Alternately, the Court should grant Defendants a new trial pursuant to Federal Rule of Criminal Procedure 33.

Respectfully submitted,

/s/ Kenneth M. Breen                        /s/ Michael P. Kelly
Kenneth M. Breen                             Michael P. Kelly (#2295)

| | |
|---|---|
| John P. Nowak<br>Phara A. Guberman<br>PAUL HASTINGS LLP<br>200 Park Avenue<br>New York, NY 10166<br>Tel.: (212) 318-6000 | Steven P. Wood (#2309)<br>Geoffrey N. Rosamond<br>McCARTER & ENGLISH<br>405 N. King Street, 8th Floor<br>Wilmington, DE 19801<br>Tel.: (302) 984-6301 |
| John S. Malik (#2320)<br>LAW OFFICE OF JOHN S. MALIK<br>100 East 14th Street<br>Wilmington, DE 19801<br>Tel.: (302) 427-2247 | Andrew M. Lawler<br>ANDREW M. LAWLER, P.C.<br>641 Lexington Avenue, 27th Floor<br>New York, NY 10022<br>Tel.: (212) 832-3160 |
| *Attorneys for Defendant*<br>*David R. Gibson* | *Attorneys for Defendant*<br>*Robert Harra* |
| /s/ David Wilks<br>David Wilks (#2793)<br>R. Stokes Nolte (#2301)<br>Andrea S. Brooks (#5604)<br>WILKS, LUKOFF & BRACEGIRDLE LLC<br>4250 Lancaster Pike, Suite 200<br>Wilmington, Delaware 19805<br>Tel.: (302) 225-0850 | /s/ Henry Klingeman<br>Henry Klingeman<br>Helen Nau<br>KROVATIN KLINGEMAN LLC<br>60 Park Place, Suite 1100<br>Newark, NJ 07102<br>Tel.: (973) 424-9777 |
| Thomas A. Foley (#2819)<br>THOMAS A. FOLEY<br>1905 Delaware Avenue<br>Wilmington, DE 19806<br>Tel.: (302) 658-3077 | Bartholomew J. Dalton (#808)<br>Ipek K. Medford (#4110)<br>Andrew C. Dalton (#5878)<br>DALTON & ASSOCIATES P.A.<br>Cool Spring Meeting House<br>1106 West Tenth Street<br>Wilmington, DE 19806<br>Tel.: (302) 652-2050 |
| *Attorneys for Defendant*<br>*William North* | *Attorneys for Defendant*<br>*Kevyn Rakowski* |

Dated: May 16, 2018

4