

November 8, 2018

The Honorable Richard G. Andrews
J. Caleb Boggs Federal Building
844 N. King Street
Unit 9
Room 6325
Wilmington, Delaware 19801-3555

Re:     United States v. Gibson et al., 15-CR-23 (RGA)

Dear Judge Andrews:

Defendants in the above-captioned criminal action respectfully submit this letter in response to an oral request by the Court at the October 10, 2018 status and scheduling conference for research on the standard for bail pending appeal.  In particular, the Court asked the parties to address the narrow issue of whether, for the purpose of granting bail pending appeal, 18 U.S.C. § 3143(b) requires that the Court find not only the existence of a substantial question of law or fact that would, if successful, result in reversal or a new trial, but further that the substantial question of law or fact _is likely to succeed on appeal_. See 10/10/2018 Hearing Tr. 22:21 – 24:6.  In answer to Your Honor's question, it is well-established in the Third Circuit that the language in question allows the Court to evaluate only what relief would likely follow if the substantial issue succeeds on appeal; the Court may not evaluate the probability of success on appeal.

Specifically, 18 U.S.C. Section 3143(b) states, in relevant part, that bail pending appeal shall be granted if "the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—(i) reversal [or] (ii) an order for a new trial," among other alternatives.

The Third Circuit has defined a "substantial question" as "one of more substance than would be necessary to a finding that it was not frivolous," _i.e._, one that is "fairly debatable" or "significant."  *United States v. Smith*, 793 F.2d 85, 88 – 90 (3d Cir. 1986).  A question is "fairly debatable" if "the issues are debatable among jurists of reason; [] a court _could_ resolve the issues [in a different manner]; or [] the questions are adequate to deserve encouragement to proceed further."  *Id.* at 89 – 90 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).  It does _not_ mean that the defendant must "show that he should prevail on the merits." *Id.*

Once the Court finds a non-frivolous ("substantial") question, it then must ask whether the question is "likely to result in reversal or an order for a new trial."  The Third Circuit has unequivocally stated that that requirement "_cannot be read as meaning . . . that the district court must conclude that its own order is likely to be reversed_."  *United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985) (emphasis added).  Instead, the relevant "language must be read as going to the significance of [a contrary appellate ruling on] the substantial issue to the ultimate disposition of the appeal."  *Id.*  That is, a court may evaluate only whether a "substantial question of law or fact" would result in "reversal [or] an order for a new trial" if decided in defendants' favor on appeal.  *Id.*; *see Miller*, 753 F.2d at 23 (deeming unreasonable any interpretation that would "require the district court to predict the probability of reversal" and further noting that "federal courts are not to be put in the position of 'bookmakers' who trade on the probability of ultimate outcome").

Accordingly, district courts in the Third Circuit have granted (or maintained) bail pending appeal based on questions of law and fact they had previously rejected in Rule 29 motions, *see, e.g.*, *United States v. Beldini*, No. 09-637, ECF No. 116, at 7, 9 (D.N.J. July 30, 2010) (granting motion for bail pending appeal "although the Court ruled against Defendant on [the] issue in the context of post-trial motions" because there were "good arguments on both sides"); *United States v. Newmark*, No. 06-447-1, 2008 U.S. Dist. LEXIS 58207, at *5 (E.D. Pa. July 30, 2008) (granting defendant's motion for bail pending appeal based on challenge to sufficiency of evidence despite previously rejecting Rule 29 motion on same basis; *United States v. Regan*, 1997 WL 805091, at *1-3 (E.D. Pa. Dec. 19, 1997) (same)—and even when its decision had already been affirmed by the Third Circuit but a writ of certiorari was pending before the Supreme Court, *see United States v. Rafsky*, Criminal Action No. 85-00303-1, 1987 U.S. Dist. LEXIS 1365, at *4 (E.D. Pa. Feb. 25, 1987) (finding the relevant issue was still "debatable among jurists of reason," despite the appellate decision, and thereby satisfied the standard for bail pending appeal).

Should the Court desire additional information on this question, or on the standard for bail pending appeal more broadly, Defendants respectfully request the opportunity to fully brief the issue.

Respectfully Submitted,

By: / s/ Kenneth M. Breen
    Kenneth M. Breen
    John P. Nowak
    Phara A. Guberman
    Jena A. Sold
    PAUL HASTINGS LLP
    200 Park Avenue
    New York, NY 10166
    Tel.: (212) 318-6000

    *Attorneys for Defendant*
    *David R. Gibson*

By: / s/
    Michael P. Kelly (#2295)
    Steven P. Wood (#2309)
    Geoffrey N. Rosamond
    McCARTER & ENGLISH
    405 N. King Street, 8th Floor
    Wilmington, DE 19801
    Tel.: (302) 984-6301

    Andrew M. Lawler
    ANDREW M. LAWLER, P.C.
    641 Lexington Avenue, 27th Floor
    New York, NY 10022
    Tel.: (212) 832-3160

    *Attorneys for Defendant*
    *Robert Harra*

By: / s/
    David Wilks (#2793)
    R. Stokes Nolte (#2301)
    Andrea S. Brooks (#5604)
    Samuel Lee Moultrie (#5979)
    WILKS, LUKOFF & BRACEGIRDLE LLC
    4250 Lancaster Pike, Suite 200
    Wilmington, Delaware 19805
    Tel.: (302) 225-0850

    Thomas A. Foley (#2819)
    THOMAS A. FOLEY
    1905 Delaware Avenue
    Wilmington, DE 19806
    Tel.: (302) 658-3077

    *Attorneys for Defendant*
    *William North*

By: / s/
    Henry Klingeman
    Helen Nau
    KROVATIN KLINGEMAN LLC
    60 Park Place, Suite 1100
    Newark, NJ 07102
    Tel.: (973) 424-9777

    Bartholomew J. Dalton (#808)
    Ipek K. Medford (#4110)
    Andrew C. Dalton (#5878)
    DALTON & ASSOCIATES P.A.
    Cool Spring Meeting House
    1106 West Tenth Street
    Wilmington, DE 19806
    Tel.: (302) 652-2050

    *Attorneys for Defendant*
    *Kevyn Rakowski*

cc:    Lesley F. Wolf, Esq.
    Robert F. Kravetz, Esq.
    All Counsel for Defendants

Dated: November 8, 2018